| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **HYDE & SWIGART** |
| Abbas Kazerounian, Esq. (249203) | Joshua B. Swigart, Esq. (225557) |
| ak@kazlg.com | josh@westcoastlitigation.com |
| Matthew M. Loker, Esq. (279939) | 2221 Camino Del Rio South, Ste. 101 |
| ml@kazlg.com | San Diego, CA 92108 |
| 245 Fischer Avenue, Unit D1 | Telephone: (619) 233-7770 |
| Costa Mesa, CA 92626 | Facsimile: (619) 297-1022 |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |

**LAW OFFICES OF BRIAN J. SOO-HOO**
Brian J. Soo-Hoo, Esq. (228298)
soohoolaw@gmail.com
601 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Telephone: (714) 589-2252
Facsimile: (714) 589-2254

*Attorneys for Plaintiff*,
Kristy Zhang

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTY ZHANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**THE CHEESECAKE FACTORY INCORPORATED,**<br><br>Defendant. | **Case No.:**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>(1) **THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT, 15 U.S.C. § 1681, ET SEQ.; AND,**<br>(2) **CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. In 2003, Congress passed the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity and credit and debit card fraud. In signing the bill, President Bush declared that:
   > [t]his bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2. Specifically, FACTA requires that
   > no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

3. KRISTY ZHANG ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of THE CHEESECAKE FACTORY INCORPORATED ("Defendant") with regard to Defendant's failure to protect Plaintiff and others similarly situated against identity theft and fraud by printing a receipt containing Plaintiff's name, brand of card, and both the first six and last four digits of Plaintiff's debit card number

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681; and, 28 U.S.C. § 1367 for supplemental State claims.

9. This action arises out of Defendant's violations of (i) the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, et seq. ("FACTA"); and, (ii) California's Unfair Competition Law, California Business and Professions Code § 17200, et seq. ("UCL").

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well.

## PARTIES

13. Plaintiff is a natural person who resides in the County of Orange, State of California.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is an entity whose State of Incorporation and principal place of business is in the County of Sacramento, State of California.

///

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff is an individual residing within the State of California.

14. On January 31, 2017, Plaintiff's credit card was utilized at Defendant's restaurant located at 71 Fortuna Drive, Irvine, CA 92618.

15. At the point of sale, Defendant provided a receipt that contained Plaintiff's name, indicated that Plaintiff's card was a Visa, and both the first six and last four digits of Plaintiff's debit card number

16. Through this conduct, Defendant violated 15 U.S.C. § 1681c(g)(1) which states that no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the credit number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

17. 15 U.S.C. § 1681c(g)(1) applies to any cash register or other machine or device that electronically prints receipts for credit card or debt card transactions. *See* 15 U.S.C. § 1681c(g)(3).

18. Defendant has transacted business throughout the United States and accepts credit cards and debit cards in the ordinary course of business.

19. Defendant also electronically prints receipts for credit card and debit card transactions at the point of sale.

20. It is Defendant's policy to provide a receipt to each customer printed at the point of sale.

21. Through this conduct, Defendant has violated FACTA.

22. The material circumstances surrounding this experience by Plaintiff were the same, or nearly the same, as the other class members Plaintiff proposes to represent, and Plaintiff and all putative class members' received receipts that contained more than the last five digits of the credit card number or expiration date.

23. These acts and omissions described herein constitute unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, Business & Professions Code §17200 *et seq.* (the "UCL").

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself individually, and on behalf of all others similarly situated ("the Class").

25. Plaintiff defines the class as follows:
    > all persons within the United States of America who made a credit or debit card purchase at any physical Cheesecake Factory location and were provided a printed credit or debit card receipt that contained more than the last five digits of said card number or expiration date within in the four years prior to the filing of this action through the date of filing.

26. Defendant and their employees or agents are excluded from the Class.

27. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

28. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:
    a. Whether the conduct of providing Plaintiff and the Class with sales or transaction receipts on which was printed more than the last five digits of the card or debit card violated the FACTA;
    b. Whether Defendant's conduct was willful;
    c. Whether Defendant's conduct was negligent;
    d. Whether Plaintiff and the Class are entitled to statutory damages;
    e. Whether Plaintiff and the Class are entitled to actual damages;

    f. Whether Plaintiff and the Class are entitled to the recovery of attorneys' fees;

    g. Whether Plaintiff and the Class are entitled to the recovery of litigation costs; and,

    h. Whether Defendant's practices violate California Business and Professions Code § 17200;

    i. Whether Defendant's practices are "unlawful" as described by California Business and Professions Code § 17200;

    j. Whether Defendant's practices are "unfair" as described by California Business and Professions Code § 17200;

    k. Whether Defendant's practices are "fraudulent" as described by California Business and Professions Code § 17200;

    l. Whether Defendant should be enjoined from engaging in such conducted in the future.

30. Plaintiff will fairly and adequately protect the interest of the Class.

31. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

32. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

33. A class action is a superior method for the fair and efficient adjudication of this controversy.

34. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

35. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small.

36. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

///

37. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the class as a whole.

38. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

39. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

### VIOLATION OF THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT
### 15 U.S.C. §§ 1681 ET SEQ.
### [AGAINST ALL DEFENDANTS]

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of FACTA.

42. As a result of each and every violation of FACTA, Plaintiff is entitled to any actual damages; statutory damages; and reasonable attorney's fees and costs from each Defendant individually.

## COUNT II

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL BUS. & PROF. CODE § 17200, ET SEQ.
### [AGAINST ALL DEFENDANTS]

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

45. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

46. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

### "UNLAWFUL" PRONG

47. As a result of Defendant's acts and practices in violation of FACTA, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 et seq., which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

48. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as providing consumer's with receipts that complied with FACTA.

49. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

///
///
///
///
///
///

## "UNFAIR" PRONG

50. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently fail to comply with FACTA.

51. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

52. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date, as Defendant continues to provide receipts in violation of FACTA. and Cal. Bus. & Prof. Code §§ 17200, et seq.

## "FRAUDULENT" PRONG

53. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

54. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

55. Here, Defendant provided receipts that contained information prohibited by FACTA. Said information rendered consumer's susceptible to fraud and/or identity theft.

56. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representatives of The Class;
- An award of actual damages for each plaintiff and putative class member;
- An award of statutory damages for each plaintiff and putative class member;
- That the Court find that Defendant is in possession of money that belong to Plaintiff and class members that Defendant has not returned the money;
- An order requiring Defendant to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- That Plaintiff and the Class be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law;
- An award of costs of litigation and reasonable attorney's fees; and,
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 27, 2017                    Respectfully submitted,

                                                              **KAZEROUNI LAW GROUP, APC**

                                                              By: s/ Matthew M. Loker
                                                              MATTHEW M. LOKER, ESQ.
                                                              ATTORNEY FOR PLAINTIFF